UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TERRELL F. LEDBETTER, IV,        :
  plaintiff,                     :
                                 :      PRISONER
        v.                       :      CASE NO. 3:11-cv-392(AVC)
                                 :
JUDICIAL MARSHAL MANCINI,        :
et al.,                          :
  defendants.                    :

### RULING AND ORDER

The plaintiff, currently incarcerated at Cheshire Correctional Institution in Cheshire, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983.  The plaintiff names Connecticut Judicial Marshals Mancini and Doe as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  Id.  This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. See Carr v. Dvorin, 171 F.3d 115 (2d Cir. 1999) (per curiam).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to liberally construe a *pro se* complaint, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that on December 2, 2010, Connecticut Judicial Marshals Mancini and John Doe transported him from New Haven Superior Court to New Haven Correctional Center. Upon arriving at New Haven Correctional Institution, the Judicial Marshals backed the van into a wall. The plaintiff was shaken by the impact. The plaintiff informed one of the Marshals that he had injured his back and asked the Marshal to make a report. The plaintiff claims, neither Marshal reported the incident.

Later that day, the plaintiff informed correctional personnel at New Haven Correctional that his back hurt. On December 3, 2010, a nurse examined the plaintiff and advised him to submit a request to be seen by a physician. Two weeks later, a physician prescribed

2

medication to treat the plaintiff's back pain.

The plaintiff filed a grievance on December 5, 2010.  On January 6, 2011, Nursing Supervisor Turner indicated that she had never received the grievance.  The plaintiff handed her a copy of the grievance.  The plaintiff did not receive a response to the grievance from Nurse Turner.  The plaintiff seeks monetary damages.

The plaintiff alleges that Connecticut State Marshals Mancini and Doe were negligent in backing the van into a wall and failing to file a report regarding the incident.  Those allegations of negligence, however, fail to state a claim upon which relief may be granted.  See Davidson v. Cannon, 474 U.S. 344, 347-48 (1986) (holding that negligence on the part of prison officials is insufficient to establish liability under section 1983); Poe v. Leonard, 282 F.3d 123, 145 (2d Cir. 2001) (recognizing that "mere negligence is insufficient as a matter of law to state a claim under section 1983"); Hayes v. New York City Dep't of Corrections, 84 F.3d 614, 620 (2d Cir. 1996) (same).  Accordingly, the claims against defendants Mancini and Doe are dismissed.  See 28 U.S.C. § 1915A(b)(1).

The plaintiff does not include Nursing Supervisor Turner in the caption of the complaint.  As such, she is not a defendant in this action.  See Fed. R. Civ. P. 10(a) (stating that "[t]he title of the complaint must name all parties").  Even if she were listed in the caption, the plaintiff has not alleged that Turner violated his federally or constitutionally protected rights.

3

"It is well established ... that inmate grievances procedures are undertaken voluntarily by the states, that they are not constitutionally required, and accordingly that a failure to process, investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional claim." Swift v. Tweddell, 582 F. Supp.2d 437, 445-46 (W.D.N.Y. 2008) (collecting cases).  The plaintiff simply asserts that Nursing Supervisor Turner did not respond to the grievance that he attempted to mail to her on December 5, 2010, and later handed to her on January 6, 2011. The court concludes that the alleged failure of Turner to respond to the plaintiff's grievance regarding medical treatment does not violate any of the plaintiff's constitutionally or federally protected rights.  See Pocevic v. Tung, No. 3:04CV1067 (CFD), 2006 WL 680459, at *8 (D. Conn. Mar. 14, 2006)(stating that the "court can discern no federally or constitutionally protected right that was violated by defendant['s] failure to comply with the institutional procedures regarding the timing of his response to [plaintiff's] level 2 grievance").

Furthermore, a prisoner's allegation that an official neglected to respond to a grievance or letter is insufficient to establish supervisory liability.  See Smart v. Goord, 441 F. Supp.2d 631, 643 (S.D.N.Y. 2006) (holding that supervisory official could not "be held liable on the sole basis that he did not act in response to letters of protest sent by [plaintiff]"); Rivera v. Goord, 119 F. Supp.2d 327, 344-45 (S.D.N.Y. 2000) (recognizing that

4

allegations that supervisory officials ignored inmate's letters of complaint about conduct of other correctional employees did not demonstrate that supervisory officials failed to remedy constitutional violations); Watson v. McGinnis, 964 F. Supp. 127, 130 (S.D.N.Y. 1997) (holding that "[t]he law is clear that allegations that an official ignored a prisoner's letter are insufficient to establish liability.") Accordingly, even if the plaintiff had named Nursing Supervisor Turner in the caption of the complaint, the claims relating to her failure to respond to his grievance would be insufficient to show her personal involvement in the alleged violation of his constitutional rights and would be subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1).

## ORDERS

The court enters the following orders:

(1)    The federal claims against the defendants are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The court declines to exercise supplemental jurisdiction over any state law claims.  See United Mine Workers v. Gibbs, 383 U.S. 715, 715-26 (1966) (holding that where all federal claims have been dismissed before trial, pendent state claims should be dismissed without prejudice and left for resolution by the state courts).

If the plaintiff chooses to appeal this decision, he may not do so in forma pauperis, because such an appeal would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).  The clerk is directed to enter judgment for the defendants and close this case.

5

(2)   **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit and a copy of this ruling and order to the plaintiff.

SO ORDERED at Hartford, Connecticut this _19th_ day of December, 2012.

/s/ Alfred V. Covello, USDJ

_____
ALFRED V. COVELLO
UNITED STATES DISTRICT JUDGE